UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTREECE KINDLE,

        Petitioner,          Case Number: 19-13482
                                           Honorable Paul D. Borman

v.

JONATHAN HEMINGWAY,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

Montreece Kindle is an inmate at the Federal Correctional Institution in Milan, Michigan. Proceeding *pro se*, Kindle has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Kindle claims that he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), that his sentence should not have been enhanced under 21 U.S.C. § 841(b), and that he is actually innocent of 18 U.S.C. § 924(c).

Kindle fails to show that 28 U.S.C. § 2255 is inadequate or ineffective to test his detention. Therefore, the Court lacks jurisdiction to entertain his § 2241 petition and it will be dismissed.

I.     **Background**

This case arises from a sting operation carried out by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). An undercover ATF agent pretended to be a disgruntled courier for a Mexican drug cartel. *Kindle v. United States*, No. 13 C 9245, 2015 WL 3478086, at *1 (N.D. Ill. May 29, 2015). Kindle along with three coconspirators planned and ultimately convened to carry out what they believed would be a robbery of a stash house. *Id.* On a predetermined date and time, Kindle and his coconspirators met and were led to a storage facility they believed to be the stash house. *Id.* There, the men were taken into custody. *Id.* The van they used to travel to the storage facility contained weapons, ski masks, and bullet-proof vests. *Id.* After his arrest, Kindle confessed to his involvement in the planned robbery. *Id.*

Kindle and his three codefendants were charged in the United States District Court for the Northern District of Illinois with (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine; (2) attempted possession with intent to distribute five kilograms or more of cocaine; (3) possession of a firearm in furtherance of a drug trafficking crime; and (4) possession of a firearm after having been convicted of a felony. Kindle was tried separately and, after a three-day trial, a jury found him guilty of all four counts. *See Kindle v. United States,* No. 13 C 9245, 2015 WL 3478086, at *1 (N.D. Ill. May 29, 2015).

Kindle appealed his conviction, raising a challenge to the sufficiency of the evidence to support the two drug-based charges. His appeal was consolidated with those of his codefendants. The Seventh Circuit Court of Appeals affirmed the convictions. *United States v. Kindle*, 698 F.3d 401, 405-08 (2012), *vacated in part on reh'g en banc sub nom.*, *United States v. Mayfield*, 771 F.3d 417 (7th Cir. 2014) (rehearing was granted as to defendant Mayfield only).

In 2013, Kindle filed a motion to vacate pursuant to 28 U.S.C. § 2255, raising three claims: his trial counsel was ineffective, his conviction was based on perjured testimony, and his conviction was based on "fabricated evidence." The district court denied the motion. *Kindle v. United States*, No. 13 C 9245, 2015 WL 3478086, at *1 (N.D. Ill. May 29, 2015).

Kindle subsequently filed this petition for habeas corpus relief under 28 U.S.C. § 2241. He claims:

> I. In light of the Supreme Court's ruling in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Petitioner is actually innocent of his § 922(g)(1) conviction because he lacked knowledge that he fell into the category of persons barred from possessing a firearm and/or ammunition.
>
> II. Petitioner is actually innocent of his statutory sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A), in light of the Supreme Court's ruling in *Mathis v. United States*, 579 U.S. 500 (2016).
>
> III. Petitioner is actually innocent of his mandatory consecutive five-year term of imprisonment for his conviction for possession of firearms, § 924(c), in the wake of the Supreme Court's ruling in *Rosemond v. United States*, 572 U.S. 65 (2015).

## II.   Discussion

A prisoner generally may challenge his federal conviction or sentence only by means of a motion under 28 U.S.C. § 2255.  *See Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition for habeas corpus relief is ordinarily limited to challenges to the manner or execution of sentence.  *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1999) ("[A]n attack upon the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition.").

An exception known as the savings clause, *see* 28 U.S.C. § 2255(e), allows a prisoner to challenge the validity of his conviction or sentence under § 2241 if the prisoner can show "that his remedy under § 2255 is inadequate or ineffective."  28 U.S.C. § 2255(e). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective," *Charles v. Chandler*, 180 F.3d 753, 756 (1999), and the circumstances under which that burden may be met "are narrow," *Peterman*, 249 F.3d at 461. Habeas corpus is not an "additional, alternative, or supplemental remedy" to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

A prisoner satisfies the requirements of the saving clause by presenting and proving a claim of actual innocence that could not have reasonably been presented sooner.  *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).  A prisoner can

4

demonstrate actual innocence by showing that (1) there is a Supreme Court decision adopting a new interpretation of a statute, (2) the decision was issued after the petitioner had a meaningful time to incorporate it into his direct appeal or later motions, (3) the decision is retroactive, and (4) the decision makes it more likely than not that no reasonable juror would have convicted the petitioner. *Id.* at 307-08.  In the context of a challenge to the statutory enhancement of a sentence, the prisoner satisfies the fourth prong by showing "the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016).

Kindle challenges his convictions and sentence under § 2241.  The Court must determine whether a motion under § 2255 was inadequate or ineffective to raise his claims.

## 18 U.S.C. § 922(g)

Kindle argues that he is innocent of violating 18 U.S.C. § 922(g) in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (June 21, 2019).  In *Rehaif*, the Court held that to convict a defendant under § 922(g), the government must prove that a defendant knew he possessed a firearm *and* "that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200.

5

Kindle satisfies the first three prongs for showing actual innocence. *Rehaif* is a new interpretation of statutory law that was issued after Kindle filed his first § 2255 motion, and the decision applies retroactively to cases on collateral review. *See Baker v. United States*, No. 19-6025, 2021 WL 2021481, at *1 (6th Cir. May 20, 2021) (the Sixth Circuit accepted the government's concession "that *Rehaif* applies retroactively"); *see also Kelley v. United States*, No. 20-5448, 2021 WL 2373896, at *2 (6th Cir. Feb. 5, 2021) (per curiam) (concluding that *Rehaif* applies retroactively).

Kindle, however, does not satisfy the fourth factor. He fails to establish that it is more likely than not that no reasonable juror would have convicted him of § 922(g) in light of *Rehaif*. Section 922(g)(1) makes it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). In *Rehaif*, the Supreme Court held that to convict a defendant under § 922(g), the government must prove the defendant knew that he possessed a firearm and also "that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. "*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019).

6

At trial, Kindle stipulated to having a prior felony conviction. *See United States v. Kindle*, No. 09 CR 0687, 2010 WL 3713688, at *6 (N.D. Ill. Sept. 14, 2010). Kindle presents no argument or evidence here to demonstrate that he was unaware of his conviction at the time he possessed firearms. *United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it.") (quotation omitted). Kindle "faces an uphill climb" in arguing that he did not know he was a felon for the simple reason that if "a person is a felon, he ordinarily knows he is a felon." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). "That simple truth is not lost upon juries," and thus "absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id*. (emphasis in original).

Kindle's second argument for bringing his *Rehaif* claim under the savings clause of § 2255(e) is also meritless. He maintains that after he completed his sentences and terms of probation (in 1995 and 1999) for Illinois state felony convictions his civil rights were restored under state law. He claims that because his civil rights were restored his convictions do not qualify him as a person barred from possessing a firearm under § 922(g). The Court need not decide whether Kindle's right to possess firearms was in fact restored because this claim could

7

have been raised during his trial or in his § 2255 proceeding and, therefore, does not fall under the savings clause.

### 21 U.S.C. § 841(b)

Kindle's second claim relies on the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), in which the Court held that when a state statute establishes multiple factual ways to satisfy an element of a crime, a court must apply the categorical approach to determine whether a conviction under that statute qualifies as a predicate offense for the Armed Career Criminal Act. 579 U.S. at 519-20.  Under the categorical approach, a conviction may not count as a predicate offense if the elements of the prior offense are broader than those of the generic form of the crimes.  *Id*. at 509.

Kindle argues that, in light of *Mathis*, his prior Illinois conviction for possession with intent to deliver cocaine no longer qualifies as a predicate felony that increases his mandatory minimum sentence under 21 U.S.C. § 841(b).  Prior to trial, the Government filed a notice of sentence enhancement, pursuant to 21 U.S.C. § 851, stating its intention to seek an enhanced sentence under 21 U.S.C. § 841(b) based on Kindle's prior conviction of unlawful possession of a controlled substance with intent to deliver, in Lake County, Illinois.

"[A] federal prisoner cannot bring a claim ... in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring

8

his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Kindle's argument fails because the rule in *Mathis* was available to him previously. "Mathis did not invent the categorical approach," and the Sixth Circuit has held "did not even break new ground." *Id.* at 705-06 (citing *Mathis*, 579 U.S. at 509-10). Instead, "[t]he Court's holding in Mathis was dictated by prior precedent (indeed two decades worth)." *Id.* at 706 (quotation omitted). Because Kindle did not need to rely on *Mathis* to raise this argument, he has not shown that he had no prior opportunity to do so.

## 18 U.S.C. § 924(c)

Finally, Kindle argues that he is actually innocent of possessing a firearm during a drug trafficking offense because he had no advance knowledge that his codefendant Leslie Mayfield would bring firearms to the robbery. He bases his argument on *Rosemond v. United States*, 572 U.S. 65 (2014). In *Rosemond*, the Supreme Court held that to be found guilty of violating 18 U.S.C. § 924(c), under an aiding or abetting theory, the Government must show "that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." 572 U.S. at 67.

Kindle has not shown that this argument may be raised under the savings clause of § 2255(e). First, neither the United States Supreme Court nor the Sixth

9

Circuit Court of Appeals has held that *Rosemond* applies retroactively to cases on collateral review. *Douglas v. Butler*, No. 14-6504, 2016 WL 11782525, at *2 (6th Cir. Apr. 25, 2016). Second, Kindle previously raised the essence of this claim in a motion for new trial. The district court held that the evidence was sufficient to show that Kindle possessed a weapon in furtherance of a conspiracy. *United States v. Kindle*, No. 09 CR 0687, 2010 WL 3713688, at *6 (N.D. Ill. Sept. 14, 2010). Indeed, during one planning meeting with his co-defendants, Kindle indicated that they might have to kill the drug house guards, who were known to be armed. *Id.* Further, in his custodial statement, Kindle admitted that the plan involved Kindle's codefendants storming the stash house, shooting the three guards, and taking the cocaine while Kindle waited in a van as the getaway driver. *Id.* at *3. Therefore, even assuming *Rosemond*'s applicability, Kindle falls far short of proving his actual innocence.

### III. Conclusion

Kindle has not shown that § 2255 is inadequate or ineffective to test his detention. The Court, therefore, lacks jurisdiction to decide his § 2241 petition. The petition for a writ of habeas corpus is DISMISSED.

SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: May 18, 2023